Michael A. Haskel (MH4680)
Law Offices of Michael A. Haskel
Attorneys for Defendant
167 Willis Avenue
Mineola, New York 11501
Ph:  (516) 294-0250

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

MARCUS NISPEL and DYAN NISPEL,

                Plaintiffs,        Case No. 07 Civ 6099 (BSJ)

      -against-

WARREN J. PEARL,
                                             **ANSWER**
                Defendant.
---------------------------------------------------------x

      WARREN J. PEARL, by his attorneys, Law Offices of Michael A. Haskel, answers the complaint of the plaintiffs as follows:

      1.  Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 1 of the complaint.

      2.  Admit the allegations in paragraph 2 of the complaint.

      3.  Paragraph 3 states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny whether diversity jurisdiction is properly invoked herein.

      4.  Admit that if this Court has diversity jurisdiction over the instant complaint, venue in the Southern District of New York is proper.

5. Neither admit nor deny the allegations in paragraph 5 of the complaint, insofar as this is a statement of what plaintiff demands and does not require a response by defendant.

6. Admit the allegations in paragraph 6 of the complaint.

7. Admit the allegations in paragraph 7 of the complaint.

8. Admit the allegations in paragraph 8 of the complaint.

9. Admit the allegations in paragraph 9 of the complaint.

10. Admit the allegations in paragraph 10 of the complaint.

11. Deny the allegations in paragraph 11 of the complaint to the extent that they may be read to imply that Pearl Corp. was responsible for the referenced "delays and cost overruns", and otherwise admit such allegations.

12. Deny the allegations in paragraph 12 of the complaint.

13. Deny the allegations in paragraph 13 of the complaint.

14. Deny the allegations in paragraph 14 of the complaint, except admit that the parties' original contract contemplated a June 2001 date of completion, that the project was not complete as of that date, and that Pearl Corp. received various payments pursuant to the contract with the plaintiffs.

15. Deny the allegations in paragraph 15 of the complaint, except admit that Pearl Corp. terminated the contract in or around July 2003 and that Pearl Corp. claimed that it was owed by plaintiffs approximately $300,000 in retainage and damages.

16. Admit the allegations in paragraph 16 of the complaint.

17. Admit the allegations in paragraph 17 of the complaint.

18. Admit the allegations in paragraph 18 of the complaint.

19. Admit the allegations in paragraph 19 of the complaint.

20. Admit the allegations in paragraph 20 of the complaint.

21. Deny the allegations in paragraph 21 of the complaint, except admits that Pearl Corp. lacks assets with which to pay the judgment.

## AS TO THE FIRST CLAIM

22. Defendant repeats and realleges his responses to paragraphs 1-21 of the complaint.

23. Admit the allegations in paragraph 23 of the complaint.

24. Admit the allegations in paragraph 24 of the complaint.

25. Deny the allegations in paragraph 25 of the complaint to the extent that the allegations can be read to imply that Pearl's "domination and control" over the affairs of Pearl Corp. was in any way improper, and otherwise admits the allegations in paragraph 25 of the complaint.

26. Deny the allegations in paragraph 26 of the complaint.

27. Deny the allegations in paragraph 27 of the complaint, except admit that cabinetry and skylights were not installed by Pearl Corp.

28. Deny the allegations in paragraph 28 of the complaint.

29. Deny the allegations in paragraph 29 of the complaint, except admit that Pearl Corp. billed plaintiffs for the cost of steel work and was paid for such work.

30. Defendant neither admits nor denies the allegations of paragraph 30 insofar as they relate to the requirements of New York Lien Law, and respectfully refers the Court to such statute for the true and accurate contents thereof, and otherwise denies the

allegations of paragraph 30 of the complaint, and denies liability to the plaintiffs under the New York Lien Law.

31. Deny the allegations in paragraph 31 of the complaint to the extent that plaintiffs allege payments or withdrawals for improper personal purposes and admit that Pearl Corp. maintained only one bank account, a general operating account maintained at Chase Manhattan Bank.

32. Deny the allegations in paragraph 32 of the complaint, except neither admit nor deny whether Pearl Corp. was "adequately capitalized" insofar as that sets forth a conclusion of law to which no response is necessary, and admit making limited withdrawals but deny the withdrawals were improper.

33. Deny the allegations in paragraph 33 of the complaint, except admit that Pearl Corp. is insolvent.

34. Deny the allegations in paragraph 34 of the complaint, except admit that Pearl Corp. did not have written agreements with its subcontractors, did not maintain certain records, and that Pearl wrote checks to subcontractors for Pearl Corp.

35. Deny the allegations in paragraph 35 of the complaint.

36. Deny the allegations in paragraph 36 of the complaint, except admit that Pearl Corp. is unable to satisfy the judgment.

37. Deny the allegations in paragraph 37 of the complaint, except admit that Pearl was Pearl Corp.'s sole shareholder, officer, director, and project manager.

38. Admit that Pearl was responsible for supervising and managing the Project and that Pearl routinely spent Thursday through Sunday in Florida during the term of the Contract, and deny the remaining allegations in paragraph 38 of the complaint.

39. Deny the allegations in paragraph 39 of the complaint.

40. Deny the allegations in paragraph 40 of the complaint.

41. Deny the allegations in paragraph 41 of the complaint.

42. Deny the allegations in paragraph 42 of the complaint, except admit that certain records were not maintained.

43. Deny the allegations in paragraph 43 of the complaint.

44. Deny plaintiffs' allegations to the extent that they may be read to imply that Pearl's alleged "domination and control" over the affairs of Pearl Corp. was in any way improper, and otherwise admit the allegations in paragraph 44 of the complaint.

45. Deny the allegations in paragraph 45 of the complaint.

46. Deny the allegations in paragraph 46 of the complaint.

47. Deny the allegations in paragraph 47 of the complaint.

## AS TO THE SECOND CLAIM

48. Defendant repeats and realleges his responses to the allegations set forth in paragraphs 1-47 of the complaint.

49. Defendant neither admits nor denies the allegations of paragraph 49 insofar as it sets forth a conclusion of law to which no response is necessary, but to the extent an answer is required, deny liability to the plaintiffs under the New York Lien Law.

50. Defendant neither admits nor denies the allegations of paragraph 50 insofar as they relate to the requirements of New York Lien Law, and respectfully refers the Court to such statute for the true and accurate contents thereof, but to the extent an answer is required, deny liability to the plaintiffs under the New York Lien Law.

51. Defendant neither admits nor denies the allegations of paragraph 51 insofar as they relate to the requirements of New York Lien Law, and respectfully refers the Court to such statute for the true and accurate contents thereof, but to the extent an answer is required, deny liability to the plaintiffs under the New York Lien Law.

52. Deny the allegations in paragraph 52 of the complaint to the extent that they allege that there were alleged withdrawals for improper personal use, and admit that Pearl deposited all payments from the plaintiffs into Pearl Corp.'s general operating account.

53. Defendant neither admits nor denies the allegations of paragraph 53 insofar as they relate to the requirements of Section 74 of the New York Lien Law, and respectfully refers the Court to such statute for the true and accurate contents thereof, but to the extent an answer is required, deny liability to the plaintiffs under the New York Lien Law.

54. Deny the allegations in paragraph 54 of the complaint, except admit that certain records were not maintained.

55. Neither admit nor deny the allegations in paragraph 55 of the complaint, insofar as they set forth conclusions of law to which no response is necessary.

56. Deny the allegations in paragraph 56 of the complaint.

## AS TO THE THIRD CLAIM

57. Defendant repeats and realleges the allegations set forth in paragraphs 1-56 of the complaint.

58. Deny the allegations in paragraph 58 of the complaint.

59. Deny the allegations in paragraph 59 of the complaint.

60. Deny the allegations in paragraph 60 of the complaint.

61. Deny the allegations in paragraph 61 of the complaint.

62. Deny the allegations in paragraphs 62 of the complaint, except admit that plaintiffs and Pearl Corp. entered into a modification agreement in or about February 2002, and that plaintiff's paid Pearl Corp. $100,000 at or about that time.

63. Deny the allegations in paragraph 63 of the complaint.

64. Deny the allegations in paragraph 64 of the complaint, except admit that kitchen cabinets and skylights were not installed.

65. Deny the allegations in paragraph 65 of the complaint, except admit that Pearl Co. billed plaintiffs for steel work.

66. Deny the allegations in paragraph 66 of the complaint, except admit that the plaintiffs and Pearl Co. entered into a second modification agreement in or about February 2003.

67. Deny the allegations in paragraph 67 of the complaint.

68. Deny the allegations in paragraph 68 of the complaint, except admit that a second modification agreement was executed on or around February 25, 2003.

69. Deny that the Pearl entered into the Second Modification solely to "get money."

70. Deny the allegations in paragraph 70 of the complaint, except admit the Pearl Co. sent a letter to plaintiffs terminating the Contract and demanded payment of an amount in excess of $300,000 for retainage and damages.

71. Deny the allegations in paragraph 71 of the complaint.

## AS TO THE FOURTH CLAIM

72. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 to 71 of the complaint.

73. Deny the allegations in paragraph 73 of the complaint.

74. Deny the allegations in paragraph 74 of the complaint.

75. Deny the allegations in paragraph 75 of the complaint, except admit that Pearl Co. charged the plaintiffs for steel work.

76. Deny the allegations in paragraph 76 of the complaint, except admit that Pearl Corp. billed plaintiffs for the cost of steel work and that plaintiffs paid for such work.

77. Deny the allegations in paragraph 77 of the complaint, except admit that no cabinets or skylights were installed.

78. Deny the allegations in paragraph 78 of the complaint.

79. Deny the allegations in paragraph 79 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

80. The complaint fails to set forth a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

81. Plaintiffs' claims are barred by the statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

82. Plaintiffs failed to plead fraud with specificity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

83. Plaintiffs lack standing to assert claims under Article 3-A of the Lien Law, since they are not beneficiaries of any trust created by that chapter.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

84. Plaintiffs' claims are barred by collateral estoppel to the extent that they seek damages in excess of $760,049, the amount awarded by the arbitrator.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

85. Plaintiffs' damages were caused, in whole or in part, by their own culpable conduct.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

86. Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

87. Plaintiffs' claims are barred by laches.

WHEREFORE, defendant demands that this action be dismissed in its entirety.

Dated: Mineola, New York
       September 27, 2007

>                                    LAW OFFICES OF MICHAEL A. HASKEL
>
>                                    _____
>                                         Michael A. Haskel (MH 4680)
>                                    Attorneys for Defendant
>                                    167 Willis Avenue
>                                    Mineola, New York 11501
>                                    Ph: (516) 294-0250
>                                    Fax: (516) 294-0854 (not for service)

TO: George Sitaras, Esq.
GEORGOULIS & ASSOCIATES, PLLC
Attorneys for Plaintiffs
45 Broadway, 14th Floor
New York, New York  10006

Case No.: 07 Civ 6099 (BSJ)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------------------------------

**MARCUS NISPEL and DYAN NISPEL,**

                                                **Plaintiffs,**

    -against-

**WARREN J. PEARL,**

                                                **Defendant.**

-------------------------------------------------------------------------------------------------------

                                          **ANSWER**

-------------------------------------------------------------------------------------------------------

                                      LAW OFFICES OF
                                   **MICHAEL A. HASKEL**
                                **Attorneys for Defendant**
                                    **167 Willis Avenue**
                                    **Mineola, NY 11501**
                                  **Tel.: (516) 294-0250**
                         **Fax: (516) 294-0854 (*not for service*)**